UNITED STATES BANKRUPTCY COURT
District of New Jersey

| | |
|---|---|
| In Re<br>Barry Golub | |
| | CHAPTER 13 |
| BARRY GOLUB | Case No.  20-10332-MBK |
| Plaintiffs, | Adversary Proceeding |
| v. | Number: |
| INTERNAL REVENUE SERVICE,<br>NEW JERSEY DIVISION OF TAX, | Judge Michael B. Kaplan |
| Defendants. | Complaint to Vacate<br>Responsible Person Finding<br>On Trust Fund Taxes |

Plaintiffs through their counsel and by way of Complaint in an Adversary Proceeding against the Defendant(s), hereby say:

**<u>JURISDICTION</u>**

1. This Court has jurisdiction as a United States agency is a defendant to this action pursuant to 28 U.S.C. § 1361;

2. The District Court has jurisdiction to hear this case a pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States, i.e., 9 U.S.C. § 9.

3. This Court also has jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

**VENUE**

4. This Court has venue under 11 U.S.C. § 523(a) and 28 U.S.C. § 1334. This adversary proceeding relates to the above referenced case under Chapter 13 of the Bankruptcy code.

5. This is a Core proceeding under 28 U.S.C. § 157(b)(2)(I).

6. This action has original jurisdiction in the District Court since the Defendant IRS is an Agency of the United States Hovernment and 42 U.S.C. § 1983.

7. Venue is appropriate in the District of New Jersey under 28 U.S.C. § 1391 because the acts and transactions complained of occurred in the District of New Jersey.

**Parties**

8. Plaintiff Barry Golub is an individual, residing in their principal residence, located at 24 Cliffwood Drive, Allentown, NJ 08501.

9. Defendant **Internal Revenue Service** ("IRS") is an agency of the United States responsible for collecting taxes from taxpayers.

10. Defendant **New Jersey Division of Taxation** ("DOT") is an agency of the State of New Jersey responsible for collecting taxes from taxpayers.

11. An unnamed party, Ultimate Services, Inc. ("USI") located at 51 Progress Street, Union, New Jersey, is a company which was responsible for paying its employees, preparing employment tax returns, deducting withholdings from those employees and transmitting the withholdings and payroll taxes to the

      Internal revenue service.  USI employed Barry Golub as its bookkeeper.

12. USI filed bankruptcy under Chapter 11 of the Bankruptcy Code in <u>Docket 18-10154-JKS</u>.  The case was dismissed on September 19, 2020 (09/19/2019) and the Case was terminated on January 23, 2020 (01/23/2020).

FACTS COMMON TO ALL COUNTS

12. The unnamed party, USI, through its bookkeeper, Barry Golub, prepared and filed the employment tax returns with both the IRS and the State DOT for the years 2009 and 2010.
13. The unnamed party, USI, did not pay the associated taxes or remit the employee withholdings to either the IRS or the DOT for the years 2009 and 2010.
14. Defendant **IRS** improperly found that the Plaintiff was a responsible party for paying the payroll taxes and the associated employee withholdings for the years 2009 and 2010.
15. The IRS then issued a Trust Fund Recovery Penalty ("TFRP") against the Plaintiff, Barry Golub in the amount of the unpaid trust fund obligations.
16. The Plaintiff was not an owner, shareholder and did not in any way share in the profits of the company, USI.
17. The Plaintiff was not in any way responsible for determining which bills should be paid including the unpaid payroll and

withholding taxes.  He was not:

    A.    An officer or an employee of a corporation,

    B.    A member or employee of a partnership,

    C.    A corporate director or shareholder,

    D.    A member of a board of trustees of a nonprofit organization,

    E.    Another person with authority and control over funds to direct their disbursement,

    F.    Another corporation or third party payer,

    G.    Payroll Service Providers (PSP) or responsible parties within a PSP

    H.    Professional Employer Organizations (PEO) or responsible parties within a PEO, or

    I.    Responsible parties within the common law employer (client of PSP/PEO).

The Plaintiff also lacked willfulness to intentionally make the non-payment:

    A.    The Plaintiff was aware of the outstanding taxes and

    B.    Repeatedly advised the Owner that he had to pay the obligations.

        i.    He did not intentionally disregard the law.

        ii.    He was not plainly indifferent to its

Page 4

       requirements.

      iii. There was no evil intent or bad motive.

18. There has never been an appeal or other internal challenge to the responsible party finding or the TFRP by the IRS prior to this Adversary Proceeding.
19. The DOT is a named defendant to settle any claims that may arise as to this Plaintiff's responsible party status for the unpaid state taxes and withholdings.
20. Since the assessment, the IRS has been collecting money from the Plaintiff and applying such money to the Trust Fund obligation improperly assessed against the Plaintiff.

### CAUSE OF ACTION
### FIRST COUNT

**(Vacate the Responsible Party Finding and TFRP)**

 27. Plaintiffs restate all paragraphs above as if stated herein at length.

 28. Plaintiffs filed for the protections under Chapter 13 of the Bankruptcy Code herein.

 29. Prior to filing for the protections of Bankruptcy, the defendant IRS made a finding of responsible party against the Plaintiff for trust fund obligations of USI and assessed the unpaid trust fund taxes against the Plaintiff in a TFRP.

 30. The defendant, IRS, has been collecting on the trust fund

Page 5

obligations from the Plaintiff through levies and other collection methods.

31. The Plaintiff has not previously challenged the IRS's determination of a responsible party or TFRP.

32. The Debtor seeks to vacate the IRS's finding that the Plaintiff is a responsible party for the trust fund obligations and vacate the TFRP.

### SECOND COUNT

**(Determine that the Plaintiff is Not a Responsible Party for the IRS and DOT)**

32. Plaintiffs restate all paragraphs above as if stated herein at length.

33. Plaintiffs filed for the protections under Chapter 13 of the Bankruptcy Code.

34. The defendants seeks to have this Court review the facts of the matter and make a determination whether or not the Plaintiff was a responsible party for non-payment of trust fund payroll withholdings which were not paid by USI.

35. The determination of this Court should be binding upon both state (DOT) tax collecting authorities and federal (IRS) tax collecting authorities.

36. The Debtor seeks to reduce the taxes alleged to be collectable from the Plaintiff by both IRS and DOT from the trust fund obligations of USI.

### THIRD COUNT

(**Return the Amounts Improperly Collected
from the Plaintiff and Applied to the
Outstanding Trust Fund Obligations**.)

37. The plaintiff restates and re-alleged the facts above as if restated herein in their entirety.

38. Trust fund taxes have been improperly assessed against this Plaintiff by the IRS and DOT in a TFRP.

39. Due to the improper assessment of the trust fund taxes and TFRP, the Plaintiff has been sent to collection and collection actions have resulted in the taking of funds through levies and other actions.

40. The taxes, penalties and interest allegedly owed to the defendants IRS and DOT have been incorrectly assessed and should be avoided by this Court.

41. All amounts collected by the Defendants should be returned to the Plaintiff with interest.

42. We ask that this Court make a finding of amounts to be returned to the Plaintiff.

### DEMAND

WHEREFORE, plaintiffs respectfully requests this Court to grant the following relief:

1. Vacate the TFRP levied against the Plaintiff.

2. Vacate the determination that the Plaintiff is a responsible party for the outstanding trust fund obligations of USI.
3. Make a finding that the Plaintiff is not a responsible party to pay the outstanding tax and withholding obligations of the company, USI to either the IRS or DOT.
4. Vacate the proof of claim filed by the IRS or DOT with respect to the TFRP.
5. Order the return of all money collected on the TFRP by the Defendants herein to the Plaintiff with interest.
6. Award the Plaintiff costs and attorneys fees.
7. Whatever other relief the Court deems appropriate.

Dated: March 27, 2020

/s/ John J. Hopkins
_____
JOHN J. HOPKINS, III, ESQ.
025081991
545 Bath Avenue, Suite 201
P.O. Box 4106
Long Branch, New Jersey  07740
732-263-1414
732-263-1042 fax
Jhopkins@hopkinslaw.com
Attorneys for Plaintiffs